In re the ADJUDICATION OF WATER RIGHTS IN THE LLANO RIVER WATERSHED OF the COLORADO RIVER BASIN.

No. C-1248.

Supreme Court of Texas.

Nov. 24, 1982.

Rehearing Denied Dec. 31, 1982.

---

Darrell G. Lochte, Kerrville, for petitioner.

Mark White, Atty. Gen., Timothy L. Brown, Asst. Atty. Gen., Austin, for respondent.

POPE, Justice.

Joe E. Schero appealed from an adverse judgment of the 33rd District Court adjudicating his riparian rights to waters of the Llano River. The Texas Water Commission made a determination of the rights of 246 parties who owned lands along the river. The Commission then filed a certified copy of its determination, together with the evidence presented to the Commission, in the district court. *See* Tex.Water Code Ann. § 11.317. Schero, in compliance with the statutory procedure, contested the Commission's adjudication by filing exceptions to the adjudication. *Id.* § 11.318. The court severed Schero's claim from the claims of the others and made final all of the other adjudications.

Schero's exceptions urged that the adjudication was a violation of Article V, sections 1 and 8 of the Texas Constitution because it violated the separation of powers; the denial of the full extent of his riparian claim was a taking without compensation contrary to Article I, section 17 of the Texas Constitution; and the taking was a violation of due process in contravention of Article I, section 19 of the Texas Constitution. The trial court denied Schero's exceptions, and the court of appeals affirmed that court's judgment in part and reversed it in part. 630 S.W.2d 516. We granted the application for writ of error in this cause because the decision of the court of appeals conflicted with the decision in *In re: The Adjudication of the Water Rights of the Upper Guadalupe Segment of the Guadalupe River Basin,* 625 S.W.2d 353 (Tex. Civ.App.—San Antonio 1981).

█ Schero owned a number of surveys along the Llano River, some of which the State of Texas granted prior to July 1, 1895, and some of which the State granted after that date. The court of appeals in this cause correctly affirmed that part of the trial court judgment which denied Schero's claim of the riparian right to irrigate lands which the State had granted after July 1, 1895. After the effective date of the Irrigation Act of 1895, the State in granting its lands, reserved to the State the

ordinary flow of the waters of the streams. 1895 Tex.Gen.Laws, ch. 21, § 1, at 21; 10 H. Gammel, Laws of Texas 751 (1898). The act stated that the ordinary flow or underflow of a river or stream, as well as the storm or rain waters were the property of the public and were subject to appropriation for irrigation purposes.[1] The manner of acquiring water rights after that date was by appropriation and not by force of the riparian location of the land. We also affirm that part of the judgment of the court of appeals declaring constitutional the method for a review of water adjudications.

Schero makes the same arguments that were urged in the Guadalupe River adjudication for holding unconstitutional section 11.303(b) of the Adjudication Act. That section limits riparian rights to the maximum amount of water beneficially used for any calendar year between 1963 and 1967. Tex.Water Code Ann. § 11.-303(b). We rejected those arguments in *In re: The Adjudication of the Water Rights of the Upper Guadalupe Segment of the Guadalupe River Basin*, 642 S.W.2d 438 (Tex.1982), and upon the basis of that decision sustaining the constitutionality of the act, we reverse the judgment of the court of appeals and affirm the judgment of the trial court. Schero established his right to the extent of his beneficial use of eighty-eight acre feet of water to irrigate seventy-four acres of lands that were acquired before 1895.

We affirm the judgment of the court of appeals in part, and we reverse the judgment in part. We affirm the judgment of the trial court.

---

1. Section 1. Be it enacted by the Legislature of the State of Texas: That the unappropriated waters of the ordinary flow or underflow of every running or flowing river or natural stream, and the storm or rain waters of every river or natural stream, canyon, ravine, depression or watershed within those portions of the State of Texas in which by reason of the insufficient rainfall or by reason of the irregularity of the rainfall, irrigation is beneficial for agricultural purposes, are hereby declared to be the property of the public, and may be acquired by appropriation for the uses and purposes and in the manner as hereinafter provided.